**In the United States District Court**
**for the District of Kansas**

---

Case No. 26-cv-02652-TC

---

GREGORY JACOB WEBER,

*Plaintiff*

v.

CITY OF CHEROKEE, KANSAS, ET AL.,

*Defendant*

---

# ORDER

Gregory Weber, proceeding pro se, sued the City of Cherokee, Kansas, Officer Joe Sutton, Mary Jo Goedeke, Robert E. Myers, Jacob Conard, Deputy Kosman, Deputy Moutz, Billy Tomasi, and John Does 1-5 for violating his rights under 42 U.S.C. § 1983 on October 19, 2026. Doc. 1. Weber alleges the defendants violated his constitutional rights during an encounter on November 22, 2025—the same encounter which is the subject of the criminal proceedings currently pending against Weber by the Municipal Court of the City of Cherokee, Kansas—and through the City's subsequent prosecution for his conduct during the encounter. Doc. 1 at 61-64. Then, on October 28, 2026, Weber filed an emergency motion for a temporary restraining order and a preliminary injunction seeking to halt the municipal criminal proceeding against him. Doc. 6.

The allegations and basis for his request to enjoin local criminal proceedings implicate comity interests. In *Younger v. Harris*, the Supreme Court held that, absent exceptional circumstances, federal courts should not entertain suits for declaratory or injunctive relief against pending state criminal proceedings. 401 U.S. 37, 43, 53-54 (1971). The *Younger* doctrine is based on concerns of comity and federalism. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 893 (10th Cir. 2009). Generally speaking, it prevents federal courts from entertaining suits

that could interfere with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 45.

*Younger* is generally seen to have three elements. The doctrine applies where there is an ongoing state, civil, or administrative proceeding, the state court provides an adequate forum to hear the claims raised in the federal complaint, and the state proceedings involve important state interests. *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citing *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)).

Those three *Younger* elements are present in this suit. There is an ongoing criminal proceeding against Weber. Doc. 6-1; *see Ellis v. Lemons*, 667 F. App'x 697, 698 (10th Cir. 2016) (citing *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)) (noting that the *Younger* abstention applies if a pending state court proceeding exists before the federal district court begins its own "proceeding of substance on the merits"). Weber has pending charges of interference with a law enforcement officer and pedestrian on highway brought by the City of Cherokee and his trial date has been set for November 17, 2026. Doc. 6-1. As to the second element, there is no evidence that Weber is unable to raise his constitutional claims as a defense in the criminal proceeding. *See Winn*, 945 F.3d at 1258 ("[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court.") (quotations omitted). Finally, state criminal proceedings are viewed under *Younger* as "a traditional area of state concern." *Id.* (quoting *Seneca-Cayuga Tribe of Oklahoma v. State of Okl. ex rel. Thompson*, 874 F.2d 709, 713 (10th Cir. 1989) (quotation marks omitted).

Saying *Younger* applies raises the question of what to do. The Supreme Court and the Tenth Circuit suggest that staying proceedings—instead of dismissing the case—is the better course. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Graff v. Aber-deen Enterprises, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023). Consistent with that directive, a stay of this civil proceeding is appropriate.

For the foregoing reasons, Weber's Motion for a Temporary Restraining Order and Preliminary Injunction, Doc. 6, is DENIED and the case is STAYED pending resolution of Weber's criminal prosecution.

It is so ordered.

Date: October 29, 2026

s/ Toby Crouse
Toby Crouse
United States District Judge